**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 06-4903**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TOMMY WIGGINS,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:05-cr-00059-BO)

―――――――――

Submitted: May 25, 2007                    Decided: July 11, 2007

―――――――――

Before WILLIAMS, Chief Judge, and MICHAEL and DUNCAN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tommy Wiggins appeals his conviction and 188-month sentence for possession of a firearm as a previously convicted felon, a violation of 18 U.S.C. § 922(g)(1) and 924 (2000). Wiggins was sentenced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2000) ("ACCA"). On appeal, Wiggins asserts the district court erred in admitting certain evidence obtained in violation of the Fourth Amendment and contends his sentence violates the Sixth Amendment. Finding no error, we affirm.

Wiggins first contends the police violated his Fourth Amendment rights by stopping him without reasonable suspicion as required under Terry v. Ohio, 392 U.S. 1 (1968). Taking into account the collective knowledge of the officers involved in the investigation, United States v. Hensley, 469 U.S. 221, 232 (1985), we conclude the initial vehicle stop was supported by "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant . . . intrusion" on a suspect's Fourth Amendment rights. Terry, 392 U.S. at 21.

Second, Wiggins argues that the police detained him for an unreasonable period of time while a K-9 unit was called. We find that the length of Wiggins' detention fell within the scope of a Terry stop. We have previously upheld the investigative detention of an individual suspected of drug activity, along with his luggage, for thirty-eight minutes while officers awaited the

- 2 -

arrival of a K-9 unit to sweep for drugs.  See United States v. McFarley, 991 F.2d 1188, 1193-94 (4th Cir. 1993).  In McFarley, we found the scope of the detention reasonable because there was no evidence that officers unduly extended the defendant's detention or failed to act with diligence in conducting their investigation. Id. at 1194.  The same reasoning controls here.

Third, Wiggins argues the offense he was charged with at the scene could not support an arrest.  However, the record reflects Wiggins was arrested pursuant to North Carolina law identifying as a Class Three misdemeanor the transport of "spirituous liquor in the passenger area of a motor vehicle in other than the manufacturer's unopened original container."  N.C. Gen. Stat. § 18B-401(a) (2005).  Here, because Wiggins handed police an opened bottle of liquor that police had seen under the passenger seat of his vehicle, Wiggins' arrest was lawful. Ultimately, we find no error in the district court's denial of Wiggins' motion to suppress evidence found subsequent to Wiggins' stop, arrest and search.

With respect to his sentence, Wiggins contends it was imposed in violation of the rule in Blakely v. Washington, 542 U.S. 296 (2004), for two reasons:  first, because the predicate convictions supporting his sentence under the ACCA were not determined by a jury or admitted by him; and second, because the district court did not make a specific finding that the criminal

offenses were committed separately from one another. The former position is foreclosed by <u>United States v. Booker</u>, 543 U.S. 220, 244 (2005), in which the Supreme Court stated that a district court may rely on the fact of a prior conviction for sentencing purposes. <u>See also</u> <u>United States v. Cheek</u>, 415 F.3d 349, 354 (4th Cir. 2005). Wiggins' latter position is precluded by <u>United States v. Thompson</u>, 421 F.3d 278 (4th Cir. 2005), in which we found that the date of a conviction is inherent in the conviction itself and conclusive judicial records. 421 F.3d at 286. Further, because one panel of this court may not overrule another, we decline Wiggins' invitation to overrule <u>Thompson</u>. <u>See</u> <u>United States v. Ruhe</u>, 191 F.3d 376, 388 (4th Cir. 1999). We therefore find no error in the district court's classification of Wiggins as an armed career criminal.

Accordingly, we affirm Wiggins' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>